Dear Mr. Keyes:
This letter is in response to your request for an opinion on the following questions:
 "1. Do the sale and repurchase transactions entered into between Parkway School District and Laclede Gas Company in 1972 violate any provisions of the Missouri Constitution or statutes? If so, what is the effect of any such violations?
 "2. Should the unpaid balance of the purchase price owed by Parkway School District to Laclede Gas Company pursuant to the repurchase agreements be counted as indebtedness in determining the amount of bonds Parkway School District may issue without violating the Constitutional and statutory limitation on debt?"
Apparently Parkway School District sold its heating and cooling equipment located at West Junior High School and Clayton Woods School to Laclede Gas Company in 1972. Parkway then leased back the equipment under an agreement for the purchase of an undivided interest in the heating and cooling equipment supplied by Laclede Gas Company and utilized by the Parkway School District. The total purchase price in connection with both schools within the district was $800,000. Parkway School District is a six-director school district, and the purchase of the equipment was not approved by the voters in the school district but was approved by the Board of Education.
At the outset, applicable provisions of law include Section432.070, RSMo 1969, which provides:
 "No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing." (Emphasis added)
Also in part Section 177.011, RSMo 1969, provides:
 ". . . No board shall lease or rent any building for school purposes while the district schoolhouse is unoccupied, and no schoolhouse or school site shall be abandoned or sold until another site and house are provided for the school district."
Also Section 177.091, RSMo 1969, which was in effect on July 24, 1972, provides in part:
 "4. If there is within the district any school property that is no longer required for the use of the district, the board, by an affirmative vote of a majority of the whole board, may authorize and direct the sale of the property. The sale, unless it is to a public institution of higher education, shall be to the highest bidder and notice that the board is holding the property for sale shall be given by publication in a newspaper within the county in which all or a part of the district is located which has general circulation within the district, once a week for two consecutive weeks, the last publication to be at least seven days prior to the sale of the property. The deed of conveyance shall be executed by the president and attested by the secretary of the board. If the district has a seal, it shall be affixed to the deed. The proceeds derived from the sale shall be placed to the credit of the building fund of the district."
Article VI, Section 26a, Missouri Constitution, 1945, provides:
 "No county, city, incorporated town or village, school district or other political corporation or subdivision of the state shall become indebted in an amount exceeding in any year the income and revenue provided for such year plus any unencumbered balances from previous years, except as otherwise provided in this Constitution."
It occurs to us that there is no specific statute providing for the sale and leasing back of heating and cooling equipment by Parkway School District to Laclede Gas Company. In effect, Parkway has transferred title to a complete heating and cooling system in two schools within its district to a third party for the purpose of raising money since the district was low on cash at the time of the transactions. The heating and cooling system is an integral part of the school buildings. Moreover, to permit such transactions as this now or in the future would be to permit school districts to finance its debts by gradually selling off pieces of various school buildings. There is no statute or law that contemplates such a transaction.
Moreover, to the extent that school property is no longer required for use by the board, the property may be sold. This is done pursuant to Section 177.091 and must be accomplished through public bid. While this section apparently relates to real property, it is obvious that the heating and cooling equipment constitutes fixtures and are an integral part of the school building. Without such equipment, the school building would be virtually useless.
It has been suggested that previous opinions of this office support the transaction described above between Parkway School District and Laclede Gas Company. It has been suggested that Opinion No. 103 issued July 19, 1971, to Manford permits such transaction. While the opinion holds that a six-director school district, which has exhausted its working capital or anticipates such exhaustion in the near future, has the power without obtaining voter approval to borrow money to meet its current operating expenses provided its unencumbered anticipated revenue for the calendar year is sufficient at the time the loan is made to repay the principal and interest on the debt, Opinion No. 103 does not hold that the district through the school board can sell heating and cooling equipment in its schools to a third party and thereafter lease the same back for twenty years with interest. Nor do any of the opinions relied on by attorneys representing the district and cited in the correspondence which you transmitted to this office stand for the proposition that Parkway School District may enter into transactions such as this.
Having fully considered the issue and decided that such transaction violates the statutes of this state, we find it unnecessary to determine whether the constitutional provisions are also violated. We do conclude that the contract between Parkway School District and Laclede Gas Company is void. We further find it unnecessary to answer your second question since, if the transaction is void, no debt is created.
Very truly yours,
 JOHN ASHCROFT Attorney General